IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-301-DCK

| | |
|---|---|
| CARTUS FINANCIAL CORPORATION, ) ) Plaintiff, ) ) v. ) ) ) JOHNSTONE, REMMEY & SHYROCK, ) LLC, et al., ) ) Defendant. ) ) | PRETRIAL ORDER AND CASE MANAGEMENT PLAN |

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter.

| DEADLINES AT A GLANCE | |
|---|---|
| **Rule 26 Disclosures:** | March 29, 2013 |
| **Identify Mediator:** | May 4, 2013 |
| **Expert Reports:** | April 5, 2013 (Plaintiffs) May 6, 2013 (Defendants) |
| **Discovery Completion:** | October 15, 2013 |
| **ADR Report:** | September 2, 2013 |
| **Motions:** | September 16, 2013 |
| **Trial Term:** | February 24, 2014 |

# I. DISCOVERY

A. **THE MAINTENANCE OF DISCOVERY MATERIALS:** Discovery materials are NOT to be filed. The parties are responsible for the preservation of any and all discovery materials they may generate.

B. **RULE 26 DISCLOSURES:** The information required by Federal Rule of Civil Procedure 26(a)(1) shall be exchanged no later than **March 29, 2013**.

C. **DISCOVERY REQUESTS:** Each party may propound no more than **twenty-five (25)** single part interrogatories to any other party; each party may submit no more than **twenty-five (25)** requests for admissions to any other party; each party may depose no more than **six (6)** fact witnesses without prior approval of the Court. Parties may, however, by agreement, increase the numbers set forth in this paragraph, and if unable to agree, may then seek Court intervention by motion.

D. **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION:** Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

E. **EXPERT WITNESSES:** Each side shall be entitled to call up to **five (5)** expert witnesses without further leave of the Court. Reports of retained experts under Fed.R.Civ.P. 26(a)(2) will be due from Plaintiffs by **April 5, 2013**, and from Defendants by **May 6, 2013**. Supplementations under Fed.R.Civ.P. 26(e) shall be ongoing throughout these proceedings.

F.  **PROTECTIVE ORDERS:** Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

G.  **DEPOSITIONS:** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do so prior to trial will result in objections being deemed to be waived.

Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that: 1) the witness will be unavailable for trial for one of the reasons set forth in Fed.R.Civ.P. 32(a)(4); and 2) the reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily; and 3) such deposition can be concluded no later than **fourteen (14) days** prior to the trial date.

H.  **DISCOVERY COMPLETION:** All discovery shall be completed no later than **October 15, 2013**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the

discovery completion deadline so long as any such extension expires not later than **ten (10) days** prior to the trial date. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

## II. <u>MOTIONS</u>

A. **MOTIONS DEADLINE:** All motions except motions *in limine* and motions to continue shall be filed no later than **September 15, 2013**. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

B. **MEMORANDA IN SUPPORT OF MOTIONS:** Every motion shall include, or be accompanied by, a brief written statement of the facts, and a statement of the law, including citations of authority and the grounds on which the motion is based. Motions not in compliance with this Order and the Local Rules are subject to summary denial.

C. **RESPONSES AND REPLIES:** Responses to motions must be filed within **fourteen (14) days** of the date on which the motion is served, as evidenced by the certificate of service attached to said motion. A reply to the response to a motion, if any, shall be filed within **seven (7) days** of the date on which the response is served. A party that does not wish to file a reply must promptly file such notice with the Court.

D. **EXTENSIONS OF TIME:** If a party needs additional time to file a motion, response, or reply, a motion for extension of time shall be filed. The moving party must state within the motion what actions have been undertaken to consult with opposing counsel

regarding the requested extension, and must notify the Court of the views of opposing counsel regarding the request. If the party fails to make the requisite showing, the Court may summarily deny the request.

E. **MOTIONS TO COMPEL:** A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

F. **HEARINGS:** Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the Court finds that oral argument might assist the decision-making process. The Clerk of Court will notify all parties of the date, time, and location of any hearing.

### III. ALTERNATIVE DISPUTE RESOLUTION

A. **METHOD**: The method of Alternative Dispute Resolution ("ADR") to be utilized in this case is: **Mediation**.

B. **MEDIATOR**: Within **sixty (60) days** of the entry of this Order, the parties shall select and agree upon a mediator and shall file with the Court a report stating the identity of the mediator selected, or a report stating that they have been unable to agree upon a mediator and the reasons for such inability.

**C.    DEADLINE**:  ADR must be completed, and a report on the results of ADR filed, on or before **September 2, 2013**.  The report shall state whether all, a portion, or none of the case has settled.

**D.    SETTLEMENT**:  Within **thirty (30) days** of reaching a settlement agreement, the parties shall file a Stipulation of Dismissal and/or any other documents necessary to effectuate the closing of the case.

## IV.  PRETRIAL PROCEDURES

**A.    COUNSEL'S DUTIES PRIOR TO TRIAL:**

(1)  No later than **ten (10) days** before the Final Pretrial Conference, counsel for all parties shall:

  (a)   Discuss the possibility of a settlement;

  (b)   Number and become acquainted with all exhibits;

  (c)   Exchange copies of exhibits or permit inspection if copying is impractical; and

  (d)   File any motions *in limine*.

(2)  No later than **seven (7) days** before the Final Pretrial Conference, counsel for all parties shall:

  (a)   Agree upon the issues, reduce them to writing, and file them with the Court.  If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court; and

(b) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

(3) No later than **three (3) days** before the Final Pretrial Conference, counsel for all parties shall:

(a) File responses to any motions *in limine*;

(a) File a trial brief addressing all questions of law and any anticipated evidentiary issues;

(b) In all non-jury cases, file proposed Findings of Fact and Conclusions of Law; and

(c) Submit proposed jury instructions to the undersigned's chambers.

(4) No later than **the morning of the day on which jury selection is scheduled to begin**, counsel for each party shall file the following documents with the Clerk of Court and provide a hard copy to the presiding judge or his courtroom clerk:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

(d) An exhibit list.

B.  **FORMAT FOR EXHIBIT LIST:**  In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:  <u>Exhibit #</u>;  <u>Description</u>; <u>Stipulation of Authenticity</u>;  <u>Stipulation of Admissibility</u>;  <u>Objection</u>;  <u>Identified by</u>;  and <u>Admitted</u>.  It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.  Counsel should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

C.  **EXHIBITS:**  Parties are expected to use presentation technology available in the courtroom to display evidence to the jury.  Training on the equipment should be arranged well in advance of trial with the courtroom deputy.  <u>See</u> "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov.

Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial.  Documents and photographs shall be in **.pdf**, **.jpg**, **.bmp**, **.tif**, or **.gif** format; video and audio recordings shall be in **.avi**, **.wmv**, **.mpg**, **.mp3**, **.wma**, or **.wav** format.  Each electronic exhibit shall be saved as a separate, independent file, and shall be provided to the Court on a storage device, such as cd, dvd, or flash drive.  Exhibit files shall be named consistent with their order and name on the exhibit list.  For example:

Exhibit 1 - photograph of . . .

Exhibit 2(a) - contract

Exhibit 2(b) - video deposition of . . . .

**D.**     **EXHIBIT NOTEBOOKS:**  If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>four (4) identical exhibit notebooks</u>, or sets of exhibit notebooks.  Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit.  Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.  Four (4) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and Court personnel each have an exhibit notebook, or set of exhibit notebooks.

**E.**     **DEPOSITION TESTIMONY:**  If a party will offer deposition testimony as evidence at trial, the parties are to prepare the following at least **seven (7) days** before the trial date:

(1)  The party originally offering the testimony shall highlight in yellow all portions of the deposition testimony it will seek to have admitted;

(2)  That party shall then provide the highlighted copy to the opposing party;

(3)  The opposing party shall highlight in a different color all portions of the deposition testimony it will seek to have admitted;

(4)  The opposing party shall then list briefly in the margins, directly adjacent to the relevant testimony, any objections it has to that testimony (e.g., 401, hearsay);

(5)  The opposing party shall then return the document to the party originally offering the testimony, who will list objections to the opposing party's highlighted portion;  and

(6)  The party originally offering the testimony shall then file the document.

F. **TRIAL SUBPOENAS:** Counsel must subpoena all witnesses at least **ten (10) days** before the trial date. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

G. **PROPOSED JURY INSTRUCTIONS:** If a jury trial has been requested, all counsel shall submit proposed jury instructions to the undersigned's chambers no later than **three (3) days** before Final Pretrial Conference. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction must contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

H. **JURY VOIR DIRE:** Following initial voir dire by the Court, counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

I. **ASSESSMENT OF JURY COST:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and *per diem* fees, equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's Office is notified at least **one (1) full business day** prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in

10

Case 3:12-cv-00301-DCK   Document 20   Filed 03/05/13   Page 10 of 11

advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## V. TRIAL

A. **TRIAL DATE:** Trial is scheduled to commence with a jury during the first civil trial term beginning on or after **February 24, 2014**. The Court will endeavor to set the specific date(s) for jury selection and trial as far in advance as is practical.

B. **LENGTH OF TRIAL:** Trial is anticipated to last **four (4) days**.

## VI. CONCLUSION

To the extent that any provision of the Local Rules conflicts with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreement among the parties. Failure to comply with any of the provisions of this Order may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: March 4, 2013

David C. Keesler
United States Magistrate Judge